# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE DERRICK CALHOUN,<br><br>         Plaintiff,<br> vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>         Defendants. | CASE NO. 10cv1836 DMS (AJB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a request for appointment of counsel.

**Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

1 / / /

2

3 **Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

4 Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court dismisses the complaint with prejudice. *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

**Conclusion and Order**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is

/ / /

/ / /

1 | **GRANTED** and the Complaint is **DISMISSED** with prejudice for failure to state a claim.[1]

2 | **IT IS SO ORDERED.**

3 | DATED: September 13, 2010

4 | HON. DANA M. SABRAW
United States District Judge

---

[1] In light of the Court's dismissal of Plaintiff's Complaint, the Court denies Plaintiff's request for appointment of counsel as moot.